

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROSEMARY FALLON a/k/a ROSEMARY COX :
a/k/a Rosemary Johnson :
670 MARSHALL RD :
GLENMOORE PA 19343 :
                           Plaintiff :
Vs. :      10   5920
JACOB LAW GROUP, PLLC, :
d/b/a Jacob Collection Group :
1420 North Lamar, Suite 101 :
P.O. Box 1237 :
Oxford MS 38655 :
and :
JACOB LAW GROUP, PLLC, :
d/b/a Jacob Collection Group :
c/o Richard Devoe (Registered Agent of Jacob :     **FILED**
Law Group, PLLC :
1420 North Lamar, Suite 101 :     NOV 04 2010
PO Box 1237 :
Oxford MS 38655 :     MICHAEL E. KUNZ, Clerk
and :     By_____Dep. Clerk
Michael Jacob :
1420 North Lamar, Suite 101 :
P.O. Box 1237 :
Oxford MS 38655 :
and :
John Does 1-10 :
and :     Jury Trial Demanded
XYZ Corporations :
                    Defendant(s) :

## COMPLAINT

### INTRODUCTION

1. This is a lawsuit for damages brought by an individual consumer for Defendant(s)' alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA").

## JURISDICTION AND VENUE

2. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint

3. Defendant(s) regularly transact(s) business throughout the Commonwealth of Pennsylvania, and in this Federal District.

4. Defendant obtains the benefit(s) of regularly transacting business in this Federal District.

5. A substantial portion of the conduct complained of occurred in this Federal District.

6. Plaintiff resides in this Federal District

## PARTIES

7. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

8. Plaintiff is Rosemary Fallon a/k/a Rosemary Cox, an adult individual with a current address of 670 MARSHALL RD, GLENMOORE PA 19343, on behalf of herself and those similarly situated Plaintiffs.

9. Defendants are the following individuals and business entities.

   JACOB LAW GROUP, PLLC,
   d/b/a Jacob Collection Group
   1420 North Lamar, Suite 101
   P.O. Box 1237
   Oxford MS 38655

   JACOB LAW GROUP, PLLC,
   d/b/a Jacob Collection Group
   c/o Richard Devoe (Registered Agent of Jacob
   Law Group, PLLC
   1420 North Lamar, Suite 101
   PO Box 1237fs
   Oxford MS 38655

   Michael Jacob
   1420 North Lamar, Suite 101
   P.O. Box 1237
   Oxford MS 38655

   a. John Does 1-10, individuals or business entities whose identities are not know to Plaintiff at this time, but which will become known upon proper discovery. It is believed and averred that such Does played a substantial role in the commission of the acts described in this complaint.

      b.      X,Y,Z Corporations, business identities whose identities are not know to Plaintiff at this time, but which will become known upon proper discovery. It is believed and averred that such entities played a substantial role in the commission of the acts described in this complaint.

10. Defendant may be served by personal service upon its registered agent in the state of Mississippi, to wit: Richard DeVoe, 1420 North Lamar Boulevard,, Suite 101, Oxford, Mississippi 38655.

11. Alternatively, JACOB may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and, as applicable, the laws of the States of Pennsylvania or Mississippi.

## COUNT ONE: Violation of Fair Debt Collection Practices Act
## 15 USC 1692 et. seq.

12. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

13. At all relevant times mentioned in this Complaint, Plaintiff was a consumer debtor as defined by the Fair Debt Collections Practices Act (FDCPA), 15 USC 1692 et. Seq.

14. At all relevant times in this Complaint, Defendant(s) was / were acting as a debt collector(s) as defined by the FDCPA, 15 USC 1692 et. seq.

15. At all times mentioned herein, Defendant(s) was / were attempting to collect on an alleged consumer debt against Plaintiff.

16. During the approximate month of September to October, 2010, Defendant and Plaintiff engaged in a telephone conversation about a particular account.

17. The account in question was for an alleged balance for DVDs from Columbia House for $93.04.

18. The account number which Jacob Law Group assigned to the account number was 377131.

19. The account is question was a consumer debt for purposes of the FDCPA.

20. During such telephone conversation, Defendant's agents, employee or representative made certain false and misleading statements of law and fact.

21. Defendant made false and misleading statements that interest would be added to the account, when no interest was provided in any contract for the account.

22. Defendant made false and misleading statements that the account would remain on Plaintiff's credit report for 7-10 years.

23. Such a statement that the account would remain on Plaintiff's credit report for 7-10 years was wholly false and misleading.

24. During a particular conversation with a female employee, representative or agent of Defendant(s) company, made certain statements that interest would be added to Plaintiff's account.

25. It is believed and averred that Defendant had no valid contractual basis to add interest to Plaintiff's account.

26. Such statements made by a female employee, representative or agent of Defendant(s) company were wholly false and misleading in violation of 15 USC 1692e.

27. By adding on interest, or suggesting that Defendant(s) had the right to add on interest, Defendant violated 15 USC 1692(f)(1) which prohibits the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

## LIABILITY

28. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

29. Defendant(s) is liable for the acts committed by its agents under the doctrine of respondeat superior because Defendant's agents were acting within the scope of their employment with Defendant.

30. In the alternative, Defendant(s) is liable for the conduct of its agents / employees under the theory of joint and several liability because Defendant and its agents / employees were engaged in a joint venture and were acting jointly and in concert.

31. Any mistake made by Defendant would have included a mistake of law.

32. Any mistake made by Defendant would not have been a reasonable or bona fide mistake.

## DAMAGES

33. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

34. At least $1.00 actual damages for Plaintiff, including but not limited to phone, fax, stationary, postage, etc.

35. $1,000.00 statutory damages Plaintiff pursuant to 15 USC 1692k.

36. Plaintiff suffered emotional distress, anger, frustration and confusion as a result of Defendant's illegal collection activity in an amount to be determined at trial.

37. For purposes of a default judgment, Plaintiff believes and avers that her anger, distress and confusion has a Dollar value of no less than $5,000.00.

## ATTORNEY FEES

38. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

39. Plaintiff is entitled to attorney fees pursuant to 15 USC 1692 k, in the amount of $1,662.50, at a rate of $350.00 per hour, enumerated below.

| | | |
|---|---|---|
| a. | Consultation with client | 1 |
| b. | Research on Defendant | 1 |
| b. | Drafting, editing, review and filing of complaint | 1.5 |
| c. | Service of process and filing of service | .25 |
| d. | Follow up contact with Defense | 1 |

4.75 x $350 = $1,662.50

40. Plaintiff's attorney fees continue to accrue as the case move forward.

41. The above stated attorney fees are for prosecuting this matter and reasonable follow up.

## OTHER RELIEF

42. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

43. Plaintiff seeks injunctive relief barring further unlawful collection activity.

44. Plaintiff seeks such other relief as this Honorable Court may deem just and proper.

45. Plaintiff requests trebles damages against Defendant because the acts committed by Defendant were willful, wanton, reckless and / or intentional.

## JURY TRIAL

46. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

47. Plaintiff requests a jury trial in this matter.

Wherefore, Plaintiff demands judgment against Defendant(s) in the amount of no less than $7,663.50 as enumerated below.

$1.00 more or less actual damages.

$1,000.00 statutory damages pursuant to 15 USC 1692k et. seq.

$1,662.50 attorney fees

$5,000 emotional distress

———————————————
$7,663.50

Plaintiff seeks such additional relief as the Court deems just and proper.

_Vicki Piontek_     11-1-2010
Vicki Piontek, Esquire       Date
Supreme Court ID Number 83559
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA 19446
717-533-7472
Fax: 866-408-6735
palaw@justice.com